IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| HARRY JACK SPAKES, #601897 | § | |
| VS. | § | CIVIL ACTION NO. 9:08cv31 |
| DIRECTOR, TDCJ-CID | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court referred the above-entitled and numbered civil action to United States Magistrate Judge Judith K. Guthrie. The Magistrate Judge presented for consideration the Magistrate Judge's Report, containing proposed findings of fact and recommendations for disposition of this case. Petitioner and Respondent filed objections to the Report.

Respondent reasserts his contention that Spakes' claims are time-barred. Respondent contends that the factual predicate of Spakes' claims was discoverable no later than August 27, 1998, after Spakes' second denial of parole, when Spakes should have learned that the same factors could be weighed in each of his parole reviews. As the Report and Recommendation states, "Federal courts have held that even if reasons for subsequent denials of parole are virtually the same as for prior denials, the limitations period for each denial begins to run on the date of that denial. *See Conger v. Quarterman*, 2008 WL 4062067 (N.D. Tex. Aug. 25, 2008)." Respondent's objection lacks merit.

In his objections, Spakes contends that the record does not include a record of his initial release to parole, on November 23, 1996, when he was first eligible for parole; that the Report and

Recommendation is based on the parole packet, which is confidential information withheld from the inmate; and that if the state is not doing what the law says it should do, then whether his petition is successive or filed after the expiration of the statute of limitations does not matter. Spakes' Petition asserts that he is entitled to habeas corpus relief because the Board of Pardons and Parole has consistently denied his parole, for exactly the same reasons for which he was sentenced.

The Report and Recommendation concludes that Spakes' challenges to the first six denials of his release to parole are time-barred and that the challenge to the seventh denial of his release to parole is successive. Spakes' objections based on an initial release to parole is irrelevant to the current determination. He has not shown that the confidentiality of the parole packet would have any effect on this determination. Finally, his objections regarding both the statute of limitations and the fact that his petition is successive lack merit.

This Court has made a *de novo* review of Petitioner's objections and determined that they lack merit. This Court finds that the Magistrate Judge's findings and conclusions are correct, and adopts them as the Court's findings and conclusions. The Court therefore

**ORDERS**, **ADJUDGES,** and **DECREES** that Petitioner's challenges to the first six denials of his release to parole are **DISMISSED WITH PREJUDICE** and he is **DENIED** a certificate of appealability on those claims and that his remaining claim is **DISMISSED WITHOUT PREJUDICE**; and

**ORDERS** that all motions not previously ruled on are denied.

So **ORDERED** and **SIGNED** this **2** day of **February, 2009.**

_____
Ron Clark, United States District Judge